Thank you, Your Honors. We move to the sixth case this morning, Gupta v. Melloh. And so we don't have any confusion, Ms. Spahn. You have 15 minutes total time, six for you. And I don't know how you divided it. How did you divide it? Your Honor, I had planned on speaking for 10 minutes, and then my co-counsel, Mr. Waples, for five minutes. All right. Thank you very much. Thank you. May it please the Court. My name is Rayanna Spahn, and I represent Mr. Gupta, the appellant. The District Court granted summary judgment in favor of the City and Officer Melloh, erroneously providing qualified immunity on the excessive force claim. Mr. Gupta challenges the Here, on May 23, 2017, Officer Melloh encountered an obviously highly intoxicated and balance-impaired and back-handcuffed Mr. Gupta at the Microtel Inn. Officer Melloh approached Mr. Gupta to remove him from the hotel, and he forcibly and intentionally jerked Mr. Gupta forward, throwing him to the ground, causing Mr. Gupta to sustain a cervical neck fracture. With a neck fracture and bleeding on the floor, Officer Melloh picks up Mr. Gupta from his back handcuffs and drags him out of the hotel and haphazardly drops Mr. Gupta on the sidewalk. Officer Melloh told Officer Cook that Mr. Gupta resisted him for use in Officer Cook's affidavit. Based on Officer Melloh's false account, Mr. Gupta was charged with resisting law enforcement. Counsel, can I ask you a clarifying question? So, is the excessive force that you're alleging, well, describe to me exactly what actions constitute the excessive force, the initial grab and jerk? Yes, Your Honor. So, the excessive force is when Officer Melloh grabbed Mr. Gupta by the arm and jerked him forward with enough force to cause him to be thrown to the ground and sustain a cervical neck fracture. So, it's the grab. Okay, thank you. There are several facts in dispute, one of them being whether Mr. Gupta resisted Officer Melloh by pulling away from Officer Melloh prior to Mr. Gupta's fall. As contained in the probable cause affidavit, Officer Melloh told Officer Cook that Mr. Gupta resisted him by pulling away twice. Yet, Officer Melloh told a different version during his deposition. During his deposition, he stated that Mr. Gupta resisted him by pulling away once. He also demonstrated the move, which was video recorded, showing him actually moving his whole body away, including his head. The video contradicts Officer Melloh's version. During the alleged resist... Absolutely. Yes? The deposition was also videotaped? Not the entire deposition, just... A demonstration of that move? Correct, Your Honor. The video, the surveillance video, shows that top of the heads the entire time, both individuals, Officer Melloh and Mr. Gupta. During the alleged resist, Mr. Gupta's head does not move backwards as Officer Melloh alleged and as he demonstrated. Based on Officer Melloh's inconsistent statements and based on the surveillance video, which contradicts Officer Melloh, a reasonable juror could find that Mr. Gupta did not resist him. At the summary judgment stage, this fact must be construed in favor of Mr. Gupta. If the plaintiff did tense up and pull away to some degree, would that have authorized force knocking him to the ground in back handcuffs? No, Your Honor. Even if he did tense up or move backwards in response to being forward, this physical action did not warrant Officer Melloh's reckless jerk of him forward with only one hand, with Mr. Gupta's hands cuffed behind his back. And again, we firmly believe and state that Mr. Gupta was not resisting, but even if he had done that, based on what I had explained, his actions were still excessive. Counsel, let me ask you a question. Let's imagine that we say that the fourth use was unreasonable under the Fourth Amendment, but protected by qualified immunity. What happens to the Indiana State battery claims at that point? It was unconstitutional, you're saying, but protected by qualified immunity? Your Honor, I do not have the answer to that right now. Perhaps my co-counsel can during his rebuttal. Otherwise, I'm asking, well, I'll tell you why I'm asking. I mean, you've said they rise or fall together, and both sides have made that contention. And I'm just trying to figure out if that's true for purposes of qualified. If we decide if we resulted on qualified immunity, it just wasn't clear to me whether that was true, because you didn't flesh out whether the scope of immunity under Indiana law mirrors the same. Your Honor, I believe that it does. If I'm wrong in that, Mr. Waples will correct me on rebuttal. I believe you are incorrect. That was my impression as well. I'm sorry, I guess I haven't dealt with a number of police excessive forces cases in the district court in Indiana. But we'll go forward and let Mr. Waples address that point. Your Honor, consideration of the Graham factors weighs in favor of Mr. Gupta. Mr. Gupta was detained for public intoxication, a B misdemeanor, which is a low level offense. He was in cuffs and not an immediate threat to anyone. And Mr. Gupta did not resist Officer Mello by pulling away, based on what I had explained earlier. Officer Mello's use of force was objectively unreasonable based upon the totality of circumstances. Here, Mr. Gupta was visibly extremely intoxicated. His senses, including his ability to balance, were seriously compromised. Not only did Officer Mello himself state that Mr. Gupta was officially intoxicated, a reasonable juror could find that Officer Mello had knowledge of Mr. Gupta's severe intoxication based on the surveillance video, which shows Mr. Gupta swaying in one spot of the vestibule and not freely walking around as Officer Mello falsely claims. Mr. Gupta was particularly vulnerable in back handcuffs because he was unable to use his hands to protect himself if he fell. Mr. Gupta was in a room with poor footing due to brochures on the ground, which created a slip hazard. Officer Mello was specifically trained to move handcuffed individuals with an officer on both sides of the individual to prevent the type of head and spine injury that Mr. Gupta sustained. There was no need to remove Mr. Gupta from the hotel at that moment. Officer Cook had gone into the front desk area to speak with the front desk clerk just for a few moments. Officer Mello could have waited until Officer Cook returned from the front desk to move Mr. Gupta according to the manner in which they had been trained with an officer on both sides of the handcuffed individual, which was particularly necessary in this case because of Mr. Gupta's severe impairment. When Officer Mello unnecessarily moved Mr. Gupta, he used one hand and the other hand was unoccupied. It had a wallet and a cell phone in the hand, which means that Officer Mello, when moving a balance-impaired Mr. Gupta, had less control of Mr. Gupta. And also, if Mr. Gupta fell, he would not be able to use his other hands to catch him, which was particularly dangerous and reckless. Ms. Spahn, can I just ask you what we know about the ultimate severity of Mr. Gupta's injury? Yes, Your Honor. He sustained, I believe, a C5 fracture and he was in Eskenazi, which is a hospital in Indianapolis, for, I want to say, approximately three weeks or so committed to the hospital and then needed treatment after that from specialists. So this was not just a minor fracture but also not paralyzing? It did not paralyze him, no, but it was a severe injury. Thank you. And then also, it's just against common sense to move Mr. Gupta in the manner that Officer Mello did. The injury that he sustained was the obvious and likely outcome based on the totality of the circumstances. Mr. Gupta was not a dangerous fugitive, a possible escapee. The officer should have known, based upon the circumstances presented, the forceful jerk throwing Mr. Gupta to the ground was plainly excessive and objectively unreasonable. At the time of the incident, it was clearly established that using unnecessary and injurious force against a handcuffed, non-resisting subject is unreasonable. Counsel would have been unreasonable if he was not drunk? To use that amount of force if he had not been drunk? Yes. It's still based on, it still seemed excessive based on how forceful it was. He should have taken particular care of him due to his intoxication and impairment. But regardless, the amount of force, as you can see in the video, was still excessive. Can you identify Kenny? Go ahead, Judge Kenny. I was going to say, I watched the video and it didn't seem if he had not been drunk, it was very excessive. Well, with one hand, with the poor footing, and even somebody who was not intoxicated, still could have fell on that vestibule with the pamphlets all over the place. It was still a dangerous environment. Somebody's back handcuffed. They can't, even if they were intoxicated, even somebody who was not intoxicated. Can you identify any case in which just a pull like that where someone's not intoxicated constitutes excessive force? No, Your Honor. It's our, no, Your Honor. It's our position that Clash is a similar case in which an officer decided in 1996, Clash was handcuffed and officers already determined he was unarmed. And the officer pushed him in a police car, causing him to become injured. The officer should have known based on the circumstances that the shove was plainly and he was not intoxicated. I think we said before that, that in Rambo, that let's see, the constitution clearly does not allow police officers to force a handcuffed passive suspect into a squad car by breaking his ribs. And I agree with that, Your Honor. I would like to reserve my, the rest of my time for Mr. Waples, please. All right. Thank you. Thank you. Good afternoon, Your Honors. And may it please the court. My name is Adam Wilfond and I represent the Apple East. The district court correctly found that officer Mello was entitled to qualified immunity on Mr. Gupta's excessive force claim. The district court also correctly found that the Apple East deserves summary judgment on Mr. Gupta's claims of unreasonable prosecution and the state law battery claim. The first point I'd like to address is the appellant's expert report. The appellant's designated an expert. I don't know. There's a lot of things to talk about. It's not clear to me why we need to talk about the expert report. Could I ask you, you seem to argue in your brief that if the video were not conclusive evidence in favor of plaintiff, it could not be considered. I've looked at that video and I can easily construe that as deliberately knocking Mr. Gupta to the ground and jumping on top of him. Why is that? I mean, that would clearly be excessive force for a passive or at least a cuffed and at most passively resisting suspect. So why is that not enough to get to the jury on the excessive force claim? Thank you, your honor. On the excessive force claim, I believe the video does conclusively demonstrate that officer Mello forcefully grabbed Mr. Gupta after Mr. Gupta failed to comply with officer Mello's commands to exit the lobby. I don't think there's any dispute, excuse me, about that. I think where the dispute may lie, according to the plaintiffs, is whether off camera there was any resistance on the part of Mr. Gupta. But officer Mello has designated a deposition testimony as well as an affidavit that the plaintiffs, excuse me, the appellant has been unable to dispute. And so to the extent that's supported by admissible evidence. I'm suggesting though that the video is not consistent with officer Mello's testimony or that a reasonable jury could see it as inconsistent with his testimony. Well, I think the Supreme Court case of Scott versus Harris indicates that where there's video that is conclusive, the parties are able to- Yes, if it's conclusive. I've watched that. The justices in Scott watched the video of the police chase that night. Most of them agreed on what it showed. I see this here and I see something that reasonable jurors could disagree about. Well, I appreciate that. Can I ask you to, the plaintiff's opening brief pulled together a number of cases, roughly pages 29 to 33 of the brief. A lot of cases dealing with suspects who are either not resisting at all, fully compliant or were no more than passively resisting in which significant force was used. And we have said that at least gets to a jury. I didn't see any response to that case law in your appellee's brief, at least- That is correct, Your Honor. And I apologize. I did not author the appellee's brief. However, there's a recent case that this court decided that is very close to the present circumstances. And that is Johnson versus Rogers that this court decided in late 2019. And in that case, there was an intoxicated arrestee who was non-compliant with the officer's commands to stay on the ground while they were conducting their investigation. And there was a video that captured pretty much everything. Although like here, there may be some that video actually showed. Is this in your brief? No. Well, yes, we did cite Johnson versus Rogers in our brief. And so in the Johnson case, this court determined that, unfortunately, the plaintiff had suffered a pretty significant injury. The officer had used a takedown method to try to get the arrestee to comply with the commands to stay on the ground. And that resulted in a compound fracture of his leg. And so this court basically said that even if the circumstances of that caused the injury, it was undisputed that at that moment, the officer used the force. It was undisputed that the arrestee was not in compliance and the officer was attempting to gain compliance. That's the case here. And in Johnson, the plaintiff was actively resisting, correct? Moving away, standing up, trying to get away from the officer? That's correct, Your Honor. Here, I think at minimum, there isn't any dispute that there was passive resistance. And so there was... Well, there was a failure to comply, right? Well, I think he was not moving and he was saying that he was not going to exit the lobby until he spoke. He had an opportunity to speak with the chief of police. Well, and also we have the officer's testimony that he stiffened and pulled back. And because Mr. Gupta doesn't have any counter that. And then I guess the video, because they're standing back, we can't see it. But then we have the affidavit of the hotel clerk who says that he was at least passively resisting, or I guess mildly resisting. I wouldn't consider an arm stiffening the same as flight. Correct. Not enough under Indiana law to be resisting arrest, right? I'm sorry, Your Honor? Flexing muscles is not enough to be resisting under Indiana criminal law, is it? Well, there's a variety of cases. And one of the cases that we cited in the police brief was Lopez versus State from 2010. And in that case, again, similar to here, the suspect was, I think, I believe he was sitting on the couch. The officer was instructing him to get up and the individual refused to do so. And the officer used force to get him up from the couch. And I believe the Indiana Court of Appeals said that that constituted resisting under the... Is that consistent with the Indiana Supreme Court standards at this point, at the time that this incident occurred? That I do not have an answer for, Your Honor. I apologize. Wilford, we're kind of on this. We're veering towards this, perhaps the false statement in the affidavit. But I have a question about that for purposes of the malicious prosecution under the Fourth Amendment claim. He was already detained, right, before that affidavit was submitted for resisting arrest and that sort of thing. So I'm having trouble figuring out how he has a Fourth Amendment claim for a malicious prosecution because he wasn't detained based on the falsity in the affidavit, assuming there was one. Correct. That is our position in the court. The point I thought though was not... Excuse me. This whole debate winds up kind of going back to this court's pre-Manuel versus Joliet jurisprudence, which focused only on the initial arrest and the Fourth Amendment was not applicable after you'd appeared in front of a judge. The Supreme Court told us we were wrong about that. And I understand the plaintiff's Fourth Amendment, the malicious prosecution claim here to be focused on the pursuit of the resistance charge after he appeared in front of the court. He obviously was going into custody that night. But the real problem is the continued prosecution on that claim. Well, under current case law, Your Honors, we don't believe there is any Fourth Amendment malicious prosecution claim that's viable. Manuel has said as much in the Supreme Court opinion and subsequent decisions from this court have said that there's no such thing as a Fourth Amendment malicious prosecution claim. So here he was arrested for resisting law enforcement as well as public intoxication. And there's no question that there was probable cause for public intoxication. I think from Officer Mello's standpoint, based on his interactions with Mr. Gupta, he reasonably believed that Mr. Gupta had resisted law enforcement when Officer Mello attempted to remove him from the hotel lobby. So I guess even assuming the viability of a malicious prosecution claim here, there was nothing malicious or unreasonable, I guess as Mr. Gupta puts it, about an officer conveying his understanding of what occurred with an interaction between himself and Mr. Gupta. That ultimately depends actually though on the on the consistency of Officer Mello's testimony and the evidence we see on the video, right? Correct, that is correct, Your Honor. But I don't believe that Officer Mello's deposition testimony and the one another in the deposition testimony as well as the affidavit and probable cause affidavit and the demonstration, Officer Mello is unequivocal that Mr. Gupta, that he attempted two times to try to pull or budge Mr. Gupta from his position before he then forcefully tugged Mr. Gupta and unfortunately ended up, Mr. Gupta ended up on the floor there. Counsel, if I'm not mistaken, the resisting law enforcement charge was dismissed, right? Yes, it was dismissed subsequently, Mr. Gupta had entered into a diversionary agreement as to the public intox charge and the resisting charge was later dismissed. But as we know, just because a criminal charge is dismissed does not mean that there wasn't probable cause to arrest him for it. And what about the drunkenness charge? He pled guilty to that? I don't believe it was guilty, but he entered into a diversionary agreement. Was that expunged? That I do not know, Your Honor. I'll ask the opposing counsel. Okay, so yes, as it relates to the malicious prosecution claim, there really isn't one under, you know, whether you look at Manuel or whether you look at the subsequent decisions from this court. But it really hinges on this contention that there wasn't probable cause. Well, again, if we look at the probable cause affidavit, if we look at the deposition testimony, the video, there was probable cause. And even if there wasn't probable cause, there was certainly arguable probable cause, which would, again, entitle Officer Mello to qualified immunity under those circumstances. But if you could just refresh my memory here, was there a state law malicious prosecution claim just in tort, or is the Fourth Amendment claim the only one? The Fourth Amendment is the only one, as I understand it, Your Honor. So I guess the big problem here is that, you know, as the district court found, as it relates to the excessive force claim, there wasn't any clearly established law that prohibited Officer Mello from forcibly tugging a drunk, I think what he said, was a noncompliant arrestee to try to get him out of the hotel lobby. And so, you know, it's their burden, obviously, to try to demonstrate that. They've cited some case law. But, you know, five of the seven cases that they cite in their brief to try to clearly establish this, were not cited below. And that's, that's a problem. This isn't a court of... That is not, Mr. Wilford, that is not a problem. You've made some waiver arguments in your brief that are way, way too strict. Parties are not limited to citing the same cases they cited in the district court. Fair enough, Your Honor. And I, but I think even under, I'm sorry, I was... Yes, that is fair enough. I'm sorry? That is fair enough. Yes. And so, but even under their, the cases that they have cited from the Seventh Circuit, nothing they've cited has clearly established that Officer Mello's conduct was, was unconstitutional or that any or every reasonable officer would have known that. Their other formulation is, is to try to get past qualified immunity by, by arguing that it was so plainly excessive that they don't even need any sort of case law. Well, those, that's, that is one way to get past qualified immunity. But those cases are reserved for the most egregious of circumstances where they're, where every person would have, would have known. The Supreme Court cited one example of, you know, even though there's been no 1983 reaction about selling a child, selling a child into slavery, every child welfare official would know that that was unconstitutional. This court also provided an example in the 1992 case of McDonald versus Haskins, where an officer pulled a gun on a nine-year-old boy and threatened to pull the trigger. And the nine-year-old boy was not a suspect, was unarmed and was not, you know, otherwise a suspect or anything. So this is not one of those cases where, where the, Mr. Gupta is able to kind of maneuver around the clearly established law requirements. I see my time is expiring, so we respectfully request that this court affirm the district court's grant of summary judgment in all respects to the Apple East. Thank you. Thank you, Mr. Wilkins. Mr. Watkins? Thank you, Your Honor. I'll address several of the questions that arose. With respect to the resist, or the unreasonable prosecution claim, we do believe that we fit squarely in that, that this court's jurisdiction or jurisprudence on that says that even though there's probable cause for one arrest or one charge doesn't mean that you can falsely charge a person with a claim that there is a charge that there is no probable cause in, in a malicious prosecution claim. In the City of Joliet, manual versus City of Joliet, says that you, you decide those cases under the Fourth Amendment. It's really an unreasonable prosecution claim, not a malicious prosecution claim. And we think that the, there is evidence in this record that would suggest that there is not probable cause on the resisting law enforcement charge. The, the officer's testimony is inconsistent with what he told the officer at the time. The video is inconsistent with that. A reasonable jury could decide that there is no probable cause for that resisting law enforcement charge. That resisting law enforcement charge was not dismissed pursuant to a diversion agreement. It was dismissed outright prior to the diversion agreement being entered into. So we think that, that, uh... Was it a part of a discussion, though, that counsel, was it a part of a discussion, uh, the whole package? In other words, you dismiss that and then, uh, uh, plead guilty to the, uh... It was totally independent. It was not conditioned on entering into a diversion agreement. There was an outright dismissal of the, um, of the probable, of the resisting law enforcement charge. And that was after the prosecutor, deductive prosecutor viewed the video tape, is when he dismissed that charge. How about the expunging of the, uh, uh, record? I don't believe it's been expunged, Judge. There's nothing in the record about that, and I don't have personal knowledge of that, but I, I don't recall hearing of any expungement motion filed, although I think he'd be eligible to have that done. Thank you. Um, with respect, I think Judge Barrett asked about the hotel clerk's affidavit, and he did put an affidavit, they did put an affidavit in from the hotel clerk, but it's from the depositions that the hotel clerk's affidavit is inconsistent with the physical evidence. The hotel clerk says he saw our person, uh, flail away and resist the officer when the officer grabbed him. Um, he demonstrated what he said he saw in his deposition, where he said that when, when Officer Mello grabbed Mr. Gupta, Officer, or Mr. Gupta raised his hands in front and tried to push the officer away and backed up. That's how he accounted in his deposition. But it's clear that that couldn't have happened. His hands were cuffed behind his back. It's clear that the hotel clerk could not see the interaction between Officer Mello and Mr. Gupta, because at the time of that interaction, Officer Cook, the other officer, had gone into the hotel lobby to talk with Mr. Awada, the hotel clerk, who had left his window where he could see out in the vestibule and went to the front desk to talk to Officer Cook. They both admitted while they were there at the front desk, and that only took 40 seconds between Officer Cook leaving and coming back after Mr. Gupta had fallen. Neither one could see the interaction between, uh, Officer Mello and Mr. Gupta. So the clerk is, is totally not telling the truth about that. And your time has expired. Okay, well, we appreciate the court's indulgence, and we ask that the court reverse the grant of, of judgment in this case and remand it for trial on all claims. Thank you. Thanks to both counsel, all counsel, and the case will be taken under advisement, and the court will be in recess.